AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## JUDICIAL DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| Betsian CARRASQUILLO-PEÑALOSA | Case Number: 3:12-CR-728-001 (PG) |
| | USM Number: 40606-069 |
| | AFPD Joannie Plaza-Martinez, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    One (1s)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2423(a) | Transportation of minor with intent to engage in criminal sexual activity. | October 3, 2012 | One (1s) |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  all remaining    ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 7, 2014
Date of Imposition of Judgment

S/   Juan M. Perez-Gimenez
Signature of Judge

Juan M. Perez-Gimenez          Senior, U.S. District Judge
Name and Title of Judge

July 9, 2014
Date

AO 245B   (Rev. 09/11) Judgment in Criminal Case
          Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___4___

DEFENDANT:   Betsian CARRASQUILLO-PEÑALOSA
CASE NUMBER:   3:12-CR-728-001 (PG)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

One Hundred and Twenty (120) months.

☑ The court makes the following recommendations to the Bureau of Prisons:

It is recommended that this defendant be designated to serve the term of imprisonment at Coleman.
It is further recommended that this defendant be provided proper mental health treatment, and proper medical treatment for her conditions while incarcerated.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _Dec. 10ᵗʰ 2014_ to _FCI Aliceville_

a _Aliceviller, AL_ , with a certified copy of this judgment.

_Warden A. Washington Adduci_
                              UNITED STATES MARSHAL

By _CSO Z Dixon_
                              DEPUTY UNITED STATES MARSHAL

Case 3:12-cr-00728-PG   Document 96   Filed 03/09/15   Page 3 of 4

DEFENDANT:        Betsian CARRASQUILLO-PEÑALOSA
CASE NUMBER:      3:12-CR-728-001 (PG)

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

11. The defendant shall not associate with co-defendants; individuals with whom a defendant has previously traded illicit material; a family member or friend under criminal justice supervision for a sex crime; or an identified past victim, unless in a therapeutic setting and with the prior approval of the U.S. Probation Officer. Furthermore, the defendant shall not be a member of any organization that promotes sexual contact between children and adults or any type of depiction thereof.

12. The defendant shall not participate in any volunteer activity or be involved in any children's or youth organization or any group that would bring him/her into close contact with a child or children under the age of 18, unless prior approval of the U.S. Probation Officer.

13. The defendant may have supervised or chaperoned contact (through personal/mail/telephone/computer or electronic device) with the victim if ordered by the court. The visit or contact must be previously approved by the treatment provider and the U.S. Probation Officer.

14. The defendant shall maintain a suitable residence, approved by the U.S. Probation Officer, which complies with all the conditions of supervision, and with the residency and movement restrictions of the jurisdiction(s) where the defendant resides, works, goes to school or is allowed to visit. The defendant shall obtain prior approval from the U.S. Probation Officer prior to changing residences. The defendant shall stay at his approved residence every night and will not sleep or stay overnight anywhere else without prior approval from the U.S. Probation Officer.

15. The defendant shall consent to the installation of systems that will enable the probation officer or designee to monitor and filter computer use, on a regular or random basis, on any computer owned or controlled by the defendant. The defendant shall consent to and cooperate with unannounced examinations or any computer equipment owned or controlled by the defendant, which may result in retrieval and copying of all data from the computer(s) and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection. In addition, the defendant shall provide his/her supervising officer with all of his/her computer pseudonyms, passwords, and logons.

16. The defendant shall not have access to the Internet at his place of residence, unless approved by the U.S. Probation Officer.

17. The defendant shall submit to a search of her person, property, house, residence, vehicles, papers, computer, other electronic communication or data storage devices or media, and effects (as defined in Title 18, U.S.C., Section 1030(e)(1)), to search at any time, with our without a warrant, by the probation officer, and if necessary, with the assistance of any other law enforcement officer (in the lawful discharge of the supervision functions of the probation officer) with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. The probation officer may seize any electronic device which will be subject to further forensic investigation/analyses. Failure to submit to such a search and seizure, may be grounds for revocation. The defendant shall warn any other residents or occupants that their premises may be subject to search pursuant to this condition.

18. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. Sec. 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, U.S. Territory or Indian Tribe, sex offender registration agency in which she resides, works, is a student, carry on a vacation, or was convicted of a qualifying offense.

19. If the defendant possesses a cellular telephone, the same shall be restricted to incoming/outgoing calls and voice messaging system. No additional features shall be allowed without prior approval from the probation officer.

20. The defendant shall cooperate in the collection of a DNA sample as directed by the U.S. Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, U.S. Code Section 3563(a)(9).

21. The defendant shall not purchase, possess, use, or administer any alcohol or frequent any businesses whose primary function is to serve alcoholic beverages.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page | 4 | of | 4 |

DEFENDANT:  Betsian CARRASQUILLO-PEÑALOSA
CASE NUMBER:  3:12-CR-728-001 (PG)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐  Restitution amount ordered pursuant to plea agreement   $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.